UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LORI JONES, et al, | ) Case No.: 12-CV-00802-LHK |
| Petitioners, | ) |
| v. | ) ORDER DENYING IFP APPLICATION; |
| | ) REMANDING CASE TO STATE |
| J.H., et al. | ) COURT |
| | ) |
| Respondents. | ) |
| | ) |

Petitioner, Belinda K., has removed the ongoing state dependency court proceedings of her minor son, J.H., to this Court. The Court is familiar with the history of this matter arising out of the removal of J.H. from Petitioner's custody in December 2006. Petitioner has filed in federal court or removed to federal court four lawsuits relating to the underlying dependency court proceedings: 10-CV-02507-LHK; 10-CV-05797-LHK; 11-CV-01013-LHK; and 12-CV-00802-LHK. The history of the proceedings in the above referenced cases is long and will not be recited here.

Before the Court is (1) Petitioner's Application for In Forma Pauperis ("IFP") Status; (2) Respondents' motion to dismiss or remand the proceedings to state court; (3) Belinda K.'s Petition for Appointment of Guardian Ad Litem; and (4) Petition for Emergency Writ of Mandamus By Guardian Ad Litem.[1]

---

[1] Petitioner has also filed a motion to shorten time on the petition for writ of mandamus, and Respondents have also filed a motion to shorten time on the motion to dismiss or remand. These motions are DENIED as moot. Moreover, as the Court did not consider the Gormley Declaration

1

Case No.: 12-CV-00802-LHK
ORDER DENYING IFP APPLICATION; REMANDING CASE TO STATE COURT

### A. Confidential Information

As a preliminary matter, Petitioner has filed a motion to seal redacted documents in support of her request for judicial notice. These documents contain information identifying the minor child and are properly sealable. Therefore, the Court GRANTS[2] Petitioner's motion to seal portions of Exhibits B1-B2, and Exhibits D-F. *See* ECF Nos. 16-17.

However, Petitioner's most recent submissions to the Court contain information identifying the minor. Accordingly, the Petition for Writ of Mandamus shall be permanently locked, and Petitioner must re-file a version of all documents that properly redact the names of the minor and the minor's parents as well as all information identifying the **minor within two weeks from the date of this Order.**

### B. In Forma Pauperis Status

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $350.00. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right," and "[t]he granting or refusing of permission to proceed in forma pauperis is a matter committed to the sound discretion of the district court." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) (citations omitted); *see Torres v. Garcia*, 444 F.2d 537, 537 (9th Cir. 1971) (per curiam).

The Ninth Circuit has indicated that leave to proceed IFP pursuant to 28 U.S.C. § 1915(a) is properly granted only when the plaintiff has both demonstrated poverty and presented a claim that is not factually or legally frivolous within the definition of § 1915(e)(2)(B). *See Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). Thus, the Court "may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati*, 821 F.3d at 1370 (citing *Reece v. Washington*,

---

in making its decision, Petitioner's motion to strike the Gormley Declaration is DENIED as moot. Additionally, the Court finds the motion to dismiss or remand suitable for decision without oral argument and VACATES the June 28, 2012 hearing. *See* Civil L. R. 7-1(b).

[2] The Court Orders that ECF No. 15, which contains confidential information, be permanently locked. ECF No. 16 contains the redacted version of the document at ECF No. 15.

2
Case No.: 12-CV-00802-LHK
ORDER DENYING IFP APPLICATION; REMANDING CASE TO STATE COURT

1  310 F.2d 139, 140 (9th Cir. 1962); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir.), cert. denied, 382

2  U.S. 896 (1965)). "It is the duty of the District Court to examine any application for leave to

3  proceed in forma pauperis to determine whether the proposed proceeding has merit[,] and if it

4  appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to

5  proceed in forma pauperis." *Smart*, 347 F.2d at 116 (citations omitted); *accord Minetti v. Port of*

6  *Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998); *Tripati*, 821 F.2d at 1370.

7      The Court finds that IFP status is inappropriate here because Petitioners' claims do not have

8  merit. For one, this Court has already determined that removal of the ongoing state court

9  dependency proceedings is not appropriate. Specifically, in 10-CV-2507-LHK, Petitioner

10 attempted to remove the state court dependency proceedings to federal court claiming that this

11 Court had jurisdiction pursuant to 28 U.S.C. § 1443. The Court disagreed and found that Petitioner

12 failed to show that (1) "the right allegedly denied . . . arises under a federal law providing for

13 specific civil rights stated in terms of racial equality" and (2) that "the denial be manifest in a

14 formal expression of state law, such as a state legislative or constitutional provision, rather than a

15 denial first made manifest at the trial of the case." *Johnson v. Mississippi*, 421 U.S. 213, 219-220

16 (1975) (internal quotation marks and citations omitted). The Court found that ICWA – as the basis

17 of removal – does not authorize or even contemplate the wholesale removal of state court custody

18 determinations to federal court. "Nowhere in the ICWA did Congress expressly grant federal

19 courts the right to intervene in state child custody proceedings, and only an action under § 1914 can

20 be said to involve a federal question, as it will often require an interpretation of federal law." *In re*

21 *Adoption of C.D.K.*, No. 2:08-CV-490 TS, 2009 U.S. Dist. LEXIS 51674, at *8-*9 (D. Utah, June

22 17, 2009) (holding that after invalidating parental consent to adoption under ICWA, federal court

23 had no jurisdiction to hear the subsequent petition for return of custody under 25 U.S.C. § 1916).

24 Additionally, the Court also denied Petitioner's attempt to remove the dependency court

25 proceedings on the basis of federal question jurisdiction. ECF No. 55. The Court already

26 determined in 10-CV-2507-LHK that there is no original federal jurisdiction over the dependency

27 court status review process, which is governed by state law, and that 28 U.S.C. § 1441 does not

28

3

Case No.: 12-CV-00802-LHK
ORDER DENYING IFP APPLICATION; REMANDING CASE TO STATE COURT

provide a basis for removal of the Superior Court status review process. ECF No. 55. The Court sees no reason to revisit or relitigate these issues here.

### C. Guardian Ad Litem

As the Court determines that it has no jurisdiction over the ongoing state court dependency proceedings, and that the case should be remanded to state court, the Court does not have jurisdiction to appoint a guardian ad litem. Moreover, even if the Court had the authority to appoint a guardian ad litem for the Petitioner, Petitioner is not entitled to a guardian ad litem in this case. Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2) (emphasis added). "The role of the guardian ad litem is to protect the incompetent person's rights in the action, to control the litigation, to compromise or settle, to direct the procedural steps, and make stipulations." *Golin v. Allenby*, 190 Cal. App. 4th 616, 644 (2010).

There is no basis from which the Court may conclude that the Petitioner is "incompetent" within the meaning of Rule 17. Petitioner contends that she is illiterate. However, Rule 17 contemplates mental incompetence, not the sort of legal incompetence petitioner is alleging. *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986) (incompetence can be established by showing litigant "may be suffering from a condition that materially affects his ability to represent himself . . . to consult with his lawyer with a reasonable degree of rational understanding . . . or otherwise to understand the nature of the proceedings") (citing *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)); *see also Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1196 (9th Cir. 2001) ("The putative next friend must present 'meaningful evidence' that petitioner is suffering from a mental disease, disorder, or defect that substantially affects his capacity to make an intelligent decision.") (citation omitted). Appointing a Guardian ad Litem would be wholly inappropriate, particularly in light of the fact that Petitioner has, over the past two years, proceeded pro se in numerous cases before this Court and has not demonstrated any mental incompetence warranting the appointment of a guardian ad litem.

4

Case No.: 12-CV-00802-LHK
ORDER DENYING IFP APPLICATION; REMANDING CASE TO STATE COURT

### D. Writ of Mandamus

Petitioner seeks a writ of mandamus "directing the Respondent Juvenile Court to vacate all Orders made February 21, 2012 when it lost jurisdiction to this Court." Application for Writ of Mandamus at 18. It appears as though Petitioner seeks to have this Court restrict the type of medication administered to the minor J.H. There are several reasons why this Court declines to issue a writ of mandamus as requested by Petitioner. First, for the reasons stated above, it does not appear that removal of the ongoing child court dependency proceedings was proper. Second, this Court previously denied a motion seeking similar injunctive relief in the related case 10-CV-05797-LHK. *See* ECF No. 125. Third, the Ninth Circuit has explained that this court lacks jurisdiction to issue a writ of mandamus to a state court. *See Demos v. U.S. Dist. Court for E. Dist. of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991) (citing 28 U.S.C. § 1651); *Alford v. Shasta County Sup. Ct.*, No. 11-2583, 2012 WL 671941, *2 (Feb. 29, 2012 E.D. Cal.).

Moreover, it appears as though the California Welfare Institutions Code addresses the administration of psychotropic medication to a child in the juvenile dependency system: "If a child is adjudged a dependent child of the court under Section 300 and the child has been removed from the physical custody of the parent under Section 361, only a juvenile court judicial officer shall have authority to make orders regarding the administration of psychotropic medications for that child . . . Court authorization for the administration of psychotropic medication shall be based on a request from a physician, indicating the reasons for the request, a description of the child's diagnosis and behavior, the expected results of the medication, and a description of any side effects of the medication." WIC § 369.5. From the writ application, it is not clear that Respondents have in any way violated the applicable rules in addressing the needs of the dependent child.

Furthermore, to the extent that Petitioner argues that the administration of medication to the minor violates 28 U.S.C. § 1446's mandate that the state court "proceed no further" until the case is remanded, Judge Breyer,[3] in the related case 10-CV-02507 addressed a similar argument and explained that "If, as the County maintains, such [action] is necessary to maintain the status quo,

---

[3] The related case 10-CV-02507-LHK was reassigned from Judge Breyer to the undersigned judge on August 2, 2010.

5
Case No.: 12-CV-00802-LHK
ORDER DENYING IFP APPLICATION; REMANDING CASE TO STATE COURT

such an action by the State Court would not violate § 1446's mandate that the State 'proceed no further' until the case is remanded." Order at 4-5, ECF No. 28. In light of the fact that it appears that the health and well-being of the child – the status quo to be preserved in this case – required medication, it is doubtful that the state dependency court's actions violate § 1446's requirement to proceed no further.

### E. Conclusion

The Court notes that this is the fourth case before this Court brought by Petitioner. Petitioner in large part seeks to relitigate the same issues that have already been litigated in 10-CV-02507-LHK and 10-CV-05797-LHK. Both cases are on appeal before the Ninth Circuit. The Court is concerned that Petitioner's prolific filings are becoming an abusive litigation tactic to keep the dependency court from administering its duties to the minor. Petitioner is hereby on notice that any future attempts to remove the child dependency court proceedings may lead to sanctions, including being found to be a vexatious litigant. Petitioner's Application for IFP Status is DENIED, and this case is remanded back to state dependency court. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 12, 2012

_____
LUCY H. KOH
United States District Judge